ALBERT P. ROBERTSON, APPELLEE, V. SAFE WAY STORES, INC., ET AL., APPELLANTS.

FILED JANUARY 2, 1936. No. 29419.

*Brown, Fitch & West,* for appellants.

*Leigh & Krajicek, Marcell & Caldwell* and *William C. Meyer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

GOOD, J.

In an action for damages for false imprisonment, plaintiff recovered a judgment for $300 against defendants Safe

Way Stores, Inc., and Joseph W. Kastoryz, manager of the corporate defendant. Defendants have appealed.

Defendants contend that the evidence is insufficient to sustain a verdict for plaintiff, and that the judgment is excessive.

Since the jury found for plaintiff, we must assume the truth of the evidence most favorable to plaintiff's contention. His evidence tends to prove the following facts:

Corporate defendant operates a self-serving grocery store in which the customer enters the store through a turnstile, takes a basket and selects such articles as he desires to purchase, and then brings them to a checker stand where the amount of his purchases is ascertained and paid for. Plaintiff and his son entered this store to purchase groceries. They selected a number of articles, presented them at the checker counter and paid what they supposed was the amount due for the items purchased, left the store building and went to their truck standing in front of the store and deposited their groceries therein. Plaintiff's son had entered the truck, and plaintiff was about to enter, when defendant Kastoryz accosted him, and he was pulled and pushed back across the sidewalk into and through the store to a back room and accused of theft of a 15-cent sack of candy. After considerable controversy between the plaintiff, his son and the manager and other employees of the store, plaintiff paid the sum of $5 to defendant Kastoryz, which the latter claimed was for articles purloined by plaintiff's son. According to the testimony of plaintiff, he selected, among other articles, the bag of candy, presented it on the checker's stand, and the son deposited some money to pay for the articles, each supposing that all of the items had been paid for before they left the store. Subsequent checking of the articles disclosed that the bag of candy had not been paid for, and plaintiff's son thereafter paid for the candy, in addition to the $5 which plaintiff paid. There is evidence that defendant Kastoryz made threats that plaintiff's son would be fined $25; that the police would be called and the son taken to jail unless settlement was made

for what was claimed to be due. It was upon this threat that the plaintiff was induced to pay $5 after larger sums had been demanded, but which he did not possess. There was testimony that defendant Kastoryz stated that another party, under similar circumstances, had paid $25. It is unnecessary to go further into the details.

"False imprisonment" is defined in 25 C. J. 443, in this language: "False imprisonment consists in the unlawful restraint against his will of an individual's personal liberty or freedom of locomotion. The gist of false imprisonment is unlawful detention."

In *Johnson v. Bouton,* 35 Neb. 898, 53 N. W. 995, it was held: "False imprisonment is the unlawful restraint of a person without his consent either with or without process of law."

The evidence plainly indicates that plaintiff was forcibly and against his will taken from beside his truck, pulled and pushed across the sidewalk through the store and into a back room and detained for a period of 30 or 40 minutes. There is no pretense that there was any warrant for his arrest, and, according to plaintiff's testimony, he was guilty of no act which would justify such conduct on the part of defendants. We think the evidence was sufficient to sustain a finding that defendants were guilty of false imprisonment, within the legal definition of that term.

Defendants assert that the judgment is excessive. The law prescribes no rule for the ascertainment of the exact amount of recovery that should be allowed in a case of this character. The general rule is that it is such sum as will fairly and reasonably compensate plaintiff for the pecuniary damage which the jury may find, from the evidence, was caused by the wrongful acts of defendant. This rule was given to the jury by an instruction of the court. It is true that plaintiff did not testify as to the shame, humiliation, disgrace and mental anguish that he suffered by reason of the defendants' conduct. The evidence discloses that the pulling and pushing of plaintiff from the truck into and through the store was in the presence of a large number

of persons. We think the jury might justifiably infer that plaintiff suffered humiliation, shame and mental anguish, although the extent thereof is not disclosed by the evidence. The facts proved would warrant an inference that plaintiff did so suffer. Under the circumstances disclosed, we are unable to say that a judgment for $300 was excessive.

Error prejudicial to defendants is not disclosed.

AFFIRMED.

CARTER, J., dissents.

In my judgment, the facts set forth in the court's opinion do not justify the finding of the jury that the plaintiff sustained substantial damage because of the shame, humiliation, disgrace and mental anguish that he suffered. I agree that some persons might suffer shame, humiliation, disgrace and mental anguish as a result of such an experience, while others would not. The court ought not to assume, without any evidence on the subject, that plaintiff falls within one class or the other. Damages ought not to be allowed on possibility or conjecture. I submit that, under the facts of this case, there is no competent evidence from which the mental state of the plaintiff can be inferred. Nominal damages are all that have been proved and a judgment in excess thereof is not supported by the evidence.

PAINE, J., concurs in the above dissent.